UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| SUMNER PLAINS 84, LLC, a Washington Limited Liability Company,<br><br>Plaintiff,<br><br>v.<br><br>FIREMAN'S FUND INSURANCE COMPANY, a California Corporation,<br><br>Defendant. | No.: __________<br><br>NOTICE OF REMOVAL |

TO: Clerk of Court

AND TO: Sumner Plains 84, LLC.

AND TO: Bradley S. Wolf, attorney for Plaintiff

Under 28 U.S.C. §§ 1332, 1441, and 1446, Defendant Fireman's Fund Insurance Company ("FFIC") removes to this Court the state court action described below. In support of this notice, FFIC states as follows:

1. On March 27, 2019, Plaintiff Sumner Plains 84, LLC ("Sumner Plains") filed a Complaint against FFIC in Pierce County Superior Court, in the matter entitled *Sumner Plains 84, LLC v. Fireman's Fund Insurance Company*, No. 19-2-06652-6 (the "State Court


**Bullivant|Houser|Bailey PC**
1700 Seventh Avenue, Suite 1810
Seattle, Washington 98101-1397
Telephone: 206.292.8930

Action"),[1] and on March 29, 2019, amended the Complaint.[2]

2. Sumner Plains owns and manages an industrial park located at 14329 32nd Street East, Sumner, Washington 98390 ("the Property"), which it leased to a commercial tenant, Specialized Pavement Marking, Inc. ("SPM").[3] In the Amended Complaint, Sumner Plains alleges that SPM damaged the Property.[4] Sumner Plains further alleges that it sought to recover the costs of repairing and remediating the alleged damage under the Policy.[5] And, according to Sumner Plains, FFIC failed to reasonably investigate and wrongly denied coverage for Sumner Plains' insurance claim.[6] Sumner Plains asserts causes of action for breach of contract, bad faith, and violations of the Washington Consumer Protection Act ("CPA") and Insurance Fair Conduct Act ("IFCA").[7]

3. The Insurance Commissioner of the State of Washington accepted service of the Summons and Complaint on behalf of FFIC on April 1, 2019, and on April 9, 2019, of the Amended Complaint.

4. Under 28 U.S.C. § 1446(b), FFIC timely files this Notice of Removal.[8]

---

[1] Complaint for Breach of Contract, Bad Faith, Violation of the Consumer Protection Act, and Violation of Washington Insurance Fair Conduct Act, (the "Complaint").

[2] First Amended Complaint for Breach of Contract, Bad Faith, Violation of the Consumer Protection Act, and Violation of Washington Insurance Fair Conduct Act, (the "Amended Complaint").

[3] *Id.* at ¶¶ 2.1-2.3.

[4] *Id.* at ¶¶ 2.4-2.8.

[5] *Id.* at ¶ 2.9.

[6] *Id.* at ¶ 2.11.

[7] *Id.* at ¶¶ 3.1-6.3

[8] *See* 28 U.S.C. § 1446(b); *see also Anderson v. State Farm Mut. Auto. Ins. Co.*, 917 F.3d 1126, 1130 (9th Cir. 2019) ("We join the Fourth Circuit and hold that the thirty-day removal clock under 28 U.S.C. § 1446(b)(1) does not begin upon service on and receipt by a statutorily designated agent, and began in this case only when [the insurer] actually received [the insured's] complaint.").



**Bullivant|Houser|Bailey PC**
1700 Seventh Avenue, Suite 1810
Seattle, Washington 98101-1397
Telephone: 206.292.8930

**A. Jurisdiction**

5. The State Court Action may be removed to this Court under 28 U.S.C. § 1441(b) because this Court has original jurisdiction under 28 U.S.C. § 1332(a).

6. There is complete diversity between the parties;[9]

a. Sumner Plains is a limited liability company organized under the laws of Washington. Its sole member, George Humphrey, a citizen of Washington State.[10]

b. FFIC is a corporation organized under the laws of California, with its principal place of business in Illinois.

7. The amount in controversy exceeds $75,000, exclusive of costs and interest:

a. In its Amended Complaint, Sumner Plains alleges that the Property suffered physical damage caused by SPM. During its claim investigation, FFIC retained a third-party consultant, Young & Associates, to assist with FFIC's investigation and Young & Associates estimated that the cost of repairing the Property would total approximately $170,559.00.[11]

b. Sumner Plains seeks to recover for all losses it alleges are covered under the Policy, including but not limited to the cost of repairing the Property.[12] Thus, at a minimum, Sumner Plains seeks to recover approximately $170,559.00. Sumner Plains also seeks to recover for treble damages and attorney fees under the CPA and IFCA.[13]

---

[9] *See Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001) ("[A]t this state of the case, the defendants were merely required to allege (not to prove) diversity, . . . .").

[10] *See Johnson v. Columbia Props. Anchorage, LP*, 437 F.3d 894, 900 (9th Cir. 2006) ("We therefore join our sister circuits and hold that, like a partnership, an LLC is a citizen of every state in which its owners/members are citizens.").

[11] Amended Complaint at ¶ 2.12.

[12] *See* Amended Complaint at ¶¶ 3.1-3.3.

[13] Amended Complaint at ¶¶ 5.1-6.3; RCW 48.30.015(1)-(3).



Bullivant|Houser|Bailey PC
1700 Seventh Avenue, Suite 1810
Seattle, Washington 98101-1397
Telephone: 206.292.8930

c. Accordingly, the amount-in-controversy exceeds $75,000, exclusive of costs and interest.

**B. Venue**

9. Venus is proper in the United States District Court for the Western District of Washington because it is the district embracing the place where the State Court Action is pending.[14]

**C. Intradistrict Assignment**

10. Assignment is proper in the Tacoma Division because that is the division embracing the State Court Action in Pierce County.[15]

**D. Procedural Removal**

11. In accordance with 18 U.S.C. § 1446(a) and LCR 101(b), true, correct, and complete copies of the process, pleadings, and orders, as well as all additional records and proceedings in the State Court Action are attached to this Notice of Removal.

12. In accordance with 28 U.S.C. § 1446(d), FFIC will file a Notice to Plaintiff and the State Court Clerk of the removal to the U.S. District Court, in Pierce County Superior Court, attached to which will be a copy of this Notice.

13. By filing this Notice, FFIC does not waive and expressly reserves all rights,

---

[14] *See* 28 U.S.C. § 1441(a) ("[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant . . . to the district court of the United States for the district and division embracing the place where such action is pending."); *Polizzi v. Cowles Magazines, Inc.*, 345 U.S. 633, 666, 73 S. Ct. 900, 97 L. Ed. 1331 (1953).

[15] *See* 28 U.S.C. § 1441(a); LCR 3(e)(1) ("Cases removed from state court will be initially assigned to the Seattle Division or Tacoma Division according to the county where the action is pending.").



**Bullivant|Houser|Bailey PC**
1700 Seventh Avenue, Suite 1810
Seattle, Washington 98101-1397
Telephone: 206.292.8930

defenses, or objections of any nature that it may have against Sumner Plains' claims.

DATED: May 1, 2019.

BULLIVANT HOUSER BAILEY PC

By /s/ Daniel R. Bentson
Daniel R. Bentson, WSBA #36825
E-mail: dan.bentson@bullivant.com

Attorneys for Defendant Fireman's Fund Insurance Company, a California Corporation



**Bullivant|Houser|Bailey PC**
1700 Seventh Avenue, Suite 1810
Seattle, Washington 98101-1397
Telephone: 206.292.8930

**CERTIFICATE OF SERVICE**

I hereby certify that on May 1, 2019, I electronically filed the foregoing with the Clerk of the Court using the e-filing system which will send notification of such filing to the persons listed below:

Bradley S. Wolf
Law Office of Bradley S. Wolf
811 First Avenue, Suite 350
Seattle, WA 98104
Telephone: (206) 264-4577
Email: bwolf@wolflaw.us

Attorney for Plaintiff Sumner Plains 84, LLC

Dated: May 1, 2019

/s/ Genevieve Schmidt
Genevieve Schmidt, Legal Assistant

4848-7025-2949.1



Bullivant|Houser|Bailey PC
1700 Seventh Avenue, Suite 1810
Seattle, Washington 98101-1397
Telephone: 206.292.8930