Case 3:19-cv-05361-RBL   Document 1-2   Filed 05/01/19   Page 1 of 8

E-FILED
IN COUNTY CLERK'S OFFICE
PIERCE COUNTY, WASHINGTON

March 29 2019 1:58 PM

KEVIN STOCK
COUNTY CLERK
NO: 19-2-06652-6

IN THE SUPERIOR COURT OF THE STATE OF WASHINGTON
IN AND FOR THE COUNTY OF PIERCE

| | |
|---|---|
| SUMNER PLAINS 84, LLC, a Washington Limited Liability Company,<br><br>Plaintiff,<br><br>vs.<br><br>FIREMAN'S FUND INSURANCE COMPANY, a California Corporation,<br><br>Defendant. | NO:   19-2-06652-6<br><br>FIRST AMENDED COMPLAINT FOR:<br><br>[1]  BREACH OF CONTRACT;<br>[2]  BAD FAITH;<br>[3]  VIOLATION OF CONSUMER PROTECTION ACT; and<br>[4]  VIOLATION OF INSURANCE FAIR CONDUCT ACT |

Comes now the Plaintiff, and for causes of action against the Defendant, alleges and avers as follows.

**I. Parties**

1.1   SUMNER PLAINS 84, LLC, is a Limited Liability Company, organized and existing under the laws of the State of Washington, with its principal place of business in Pierce County, Washington.

1.2   FIREMAN'S FUND INSURANCE COMPANY, (FFIC) is a Corporation, organized and existing the laws of the State of California, with its principal place of business in

FIRST AMENDED COMPLAINT - 1

Law Office of Bradley S. Wolf
811 First Ave., Suite 350
Seattle, Washington 98104
Phone:   (206) 264-4577
Email: bwolf@wolflaw.us

Novato, California.

1.3 Although FFIC is organized in the State of California, it does business in Pierce County, Washington, making venue proper there.

## II. Facts

2.1 Plaintiff is the owner of an industrial park located at 14329 32nd Street East, Sumner, Washington 98390, ("The "Property").

2.2 FFIC issued an insurance policy to Plaintiff, effective March 11, 2015, Policy No. AZC8093643, ("The Policy"). Plaintiff renewed The Policy annually for each of the two following years, resulting in a coverage period between March 11, 2015 through and including March 11, 2018.

2.3 Plaintiff leased The Property to Specialized Pavement Marking, Inc., (SPM), a highway striping company. SPM vacated The Property on December 15, 2017.

2.4 At the time SPM vacated The Property, Plaintiff discovered a number of conditions on The Property that are subject to property damage coverage under the terms of The Policy.

2.5 Plaintiff discovered that several discrete locations on The Property were contaminated with petroleum and paint pollutants discharged from SPM's vehicles, in amounts in excess of State and Federal environmental laws and regulations.

2.6 As a consequence of this contamination, Plaintiff embarked on a costly and time-consuming process to discover, test, assess and remediate the contamination. Plaintiff incurred substantial remediation expenses during this period. Additionally, during this period, the premises were untenantable, resulting in approximately eleven months lost rent.

FIRST AMENDED COMPLAINT - 2

Law Office of Bradley S. Wolf
811 First Ave., Suite 350
Seattle, Washington 98104
Phone:   (206) 264-4577
Email: bwolf@wolflaw.us

2.7 In order to decontaminate the property, Plaintiff also incurred substantial expenses to clean and resurface the concrete floor, which had been contaminated with petroleum products discharged from SPM's vehicles.

2.8. In addition to the foregoing, Plaintiff discovered that a fence had been vandalized, and gates had been removed from The Property.

2.9 In December of 2017, Plaintiff made a claim on the above policy for the above losses.

2.10 At the time of this claim, and at all times relevant hereto, Plaintiff has paid all premiums and has otherwise complied with all obligations to FFIC under such policy.

2.11 In response to this claim, FFIC conducted a hasty and inadequate investigation into the loss, and then denied any coverage whatsoever by letter dated March 8, 2018. This denial was made in bad faith, and on the untenable grounds that the Plaintiff's damages were due to "wear and tear." However, none of the items of loss for which Plaintiff submitted a claim were due to wear and tear.

2.12 After receiving the above denial, Plaintiff made a further protest to FFIC to conduct an investigation. As a result, Defendant sent a different adjuster to the property, Young & Associates, who produced a more detailed report. According to its report, dated May 3, 2018, Plaintiff's estimated damage was in excess of $170,000.

2.13 After receiving the report, FFIC substantially ignored the second adjuster's report, and for a second time denied any coverage whatsoever by letter dated June 21, 2018.

2.14 For a second time, FFIC justified its refusal to pay benefits under the specious claim that the Plaintiff's losses were due to "wear and tear." FFIC even rejected claims relating

FIRST AMENDED COMPLAINT - 3

to environmental pollution on the property, fences with enormous holes cut in it, and gates that were vandalized and missing as "wear and tear."

2.15   On or about August 17, 2018, pursuant to RCW 48.30.015(8)(a), Plaintiff provided FFIC a formal notice, through the Insurance Commissioner's Office, of its intent to pursue this claim.

2.16   In response to this letter, on September 4, 2018, FFIC's attorneys sent a letter, raising a multitude of defenses to the payment of Plaintiff's claims that were not previously raised by them in their denials dated March 8, 2018 and May 3, 2018.  The defenses to coverage raised by FFIC are without legal merit, and it is estopped from raising such defenses.

2.17   One of the defenses raised by FFIC was that the damages took place before the policies were incepted or after they expired.   Neither FFIC, nor its attorneys, conducted any investigation into the timing of Plaintiff's losses, and the assertion of this defense was made in bad faith for the purpose of denying Plaintiff's claims.  All the damages occurred within the period of insurance coverage, between March 11, 2015 and March 11, 2018.

2.18   A further defense raised by FFIC is that the policy excluded coverage for "Maintenance Types of Loss," which FFIC more specifically defined to include "wear and tear," and "settling, cracking, shrinking or expansion."  However, none of the damages being sought constitute "wear and tear," nor is Plaintiff seeking damages arising from any settling of the floor.

2.19   A further defense raised by FFIC is that the Plaintiff's claims are a product of "Acts or decisions," or "Negligent work" Exclusion, appearing in the Policy under ¶B(3)(b), Pg. 16.  This exclusion was asserted in bad faith.  The Insurance policy expressly states that there is

FIRST AMENDED COMPLAINT - 4

Law Office of Bradley S. Wolf
811 First Ave., Suite 350
Seattle, Washington 98104
Phone:   (206) 264-4577
Email: bwolf@wolflaw.us

no such exclusion for "Acts and decisions," or for "negligent work," when the loss constitutes "Covered Cause of Loss." The term "Covered Cause of Loss," is defined in the policy at ¶1(A)(3), Pg. 3, as any other risk of direct physical loss, except where elsewhere excluded or limited in the policy. And while at ¶B(5)(b) located at Pg. 4 of the policy makes certain exceptions related to pollution, this exception expressly does not cover claims that otherwise qualified as a "Specified Cause of Loss." See ¶B(2)(q). "Specified Cause of Loss, defined Pg. 36 of the policy to include losses occasioned by "vehicles," and also "vandalism." The loss to the fence and gate were the product of vandalism, and the pollutants were the product of discharge from SPM's vehicles.

2.20   A further defense raised by FFIC relates to a limitation of $10,000 for expenses incurred to extract pollutants. However, this limit is applied for each separate location. Moreover, this limitation does not apply to the Business Income Losses set forth in ¶A(5)(g) comprising approximately eleven months of lost rent during the period of remediation.

2.21   A further defense raised by FFIC relates to a provision of the Insurance agreement requiring an alleged "written report of cleanup," within 180 days of when the spills occurred. However, Plaintiff did report its losses within 180 days. Moreover, this provision is not enforceable as a matter of law, in the absence of any prejudice on the part of the Defendant, and Defendant has not suffered any prejudice.

2.22   A further defense raised by FFIC relates to a two-year suit-limitation bar to Plaintiff's claims. However, the losses being asserted in this action occurred within two years of the commencement of this action. Ultimately, neither FFIC, nor its attorneys, conducted any investigation into the timing of Plaintiff's losses, and this defense has been asserted in bad faith.

FIRST AMENDED COMPLAINT - 5

2.23    In addition to the foregoing, Plaintiff suffered a variety of losses that were not addressed by any specific denial in any of FFIC's communications.  Theses include (without limitation), damage to the surface of the concrete floor of the building, air ducts that were contaminated from oil, inoperable rollup doors due to bent runners, and subsidence, and vandalism damage to the Plaintiff's road and various interior surfaces.

2.24    The untimely assertion of environmental defenses in FFIC's attorney's letter of September 4, 2018, came approximately nine months after Plaintiff's tenant had vacated the premises.  Plaintiff has been prejudiced by this delay in FFIC asserting the environmental defenses, because much of the evidence that could help determine whether the pollution was or was not a covered loss, has been lost with the passage of time, with changes to the premises and through the remediation of the contamination.  Accordingly, FFIC is precluded from asserting these untimely defenses.

### III.  Breach of Contract

3.1    Plaintiff re-alleges the allegations contained in Paragraphs 1.1 through 2.24 hereinabove.

3.2    Plaintiff entered into a written contract with FFIC to provide insurance against the above identified losses.  FFIC has failed and refused to pay benefits as required by the policy and is therefore in breach of contract.

3.3    Wherefore FFIC is liable to Plaintiff for damages in an amount to be proven at trial.

### IV.  Bad Faith

4.1    Plaintiff re-alleges the allegations contained in Paragraphs 1.1 through 3.3

FIRST AMENDED COMPLAINT - 6

hereinabove.

4.2   FFIC breached its duty of good faith to the Plaintiff, by failing to conduct a fair investigation of Plaintiff's claims, and for its bad faith denial of the payment of benefits to Plaintiff on untenable grounds, resulting in substantial harm to Plaintiff.

4.3   Wherefore FFIC is liable to Plaintiff for bad faith denial of benefits, in an amount to be proven at trial.

### V.   Violation of the Consumer Protection Act

5.1   Plaintiff re-alleges the allegations contained in Paragraphs 1.1 through 4.3 hereinabove.

5.2   FFIC has engaged in an unreasonable denial of the payment of benefits, engaged in an unreasonable investigation of Plaintiffs claims, and has engaged in bad faith, and has thereby engaged in unfair or deceptive acts or practices in commerce, causing Plaintiff substantial damages.

5.3   Wherefore, FFIC is liable to Plaintiff for an award of damages, treble damages of up to $25,000 per violation, and for Plaintiff's costs and attorney's fee under Washington's Consumer Protection Act, RCW 19.86.090.

### VI.   Violation of the Washington Insurance Fair Conduct Act

6.1   Plaintiff re-alleges the allegations contained in Paragraphs 1.1 through 5.3 hereinabove.

6.2   Plaintiff is a first party claimant, who has been unlawfully and unreasonably denied benefits by FFIC under a policy of insurance, contrary RCW 48.30.015, and has been damaged thereby.

FIRST AMENDED COMPLAINT - 7

Law Office of Bradley S. Wolf
811 First Ave., Suite 350
Seattle, Washington 98104
Phone:   (206) 264-4577
Email: bwolf@wolflaw.us

6.3  Wherefore, FFIC is liable to Plaintiff for its damages, treble damages, and for Plaintiff's actual and statutory litigation costs, expert witness fees, and attorney's fees pursuant to RW 48.30.015.

Wherefore, having alleged causes of action, Plaintiff prays for judgment against FFIC for the following relief:

A.  For an award of damages in an amount to be proven at trial;

B.  For treble damages of up to $25,000, per violation, under the Consumer Protection Act;

C.  For treble damages under the Insurance Fair Conduct Act;

D.  For pre-judgment interest;

E.  For an award of Plaintiff's costs, including both actual and statutory litigation costs and expert witness fees;

F.  For an award of Plaintiff's attorney's fees; and

G.  For such other and further relief as the court deems equitable in the premises.

DATED: March 29, 2019

**LAW OFFICE OF BRADLEY S. WOLF**

By: /s/: *Bradley S. Wolf*
   Bradley S. Wolf, WSBA #21252
   Attorney for Plaintiff,
   Law Office of Bradley S. Wolf
   811 First Avenue, Suite 350
   Seattle, WA 98104
   Telephone: (206) 264-4577
   Email: bwolf@wolflaw.us

FIRST AMENDED COMPLAINT - 8